NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**CHRISTOPHER R. CHIN-YOUNG,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2023-1590

_____

Petition for review of the Merit Systems Protection Board in No. DC-1221-17-0013-W-1.

_____

Decided: November 14, 2023

_____

CHRISTOPHER CHIN-YOUNG, Tallahassee, FL, pro se.

STEPHEN FUNG, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

_____

Before DYK, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Christopher Chin-Young (petitioner), appearing pro se, petitions for review of the Merit Systems Protection Board (MSPB or Board) dismissing his appeal for lack of jurisdiction. We *affirm*.

BACKGROUND

I

On June 26, 2014, petitioner, an employee of the Army, was issued orders to deploy to Camp Atterbury, Indiana and Kabul, Afghanistan and was scheduled to serve a 14-month tour as an Advisor to the International Security Assistance Force (ISAF). The ISAF was a NATO-led security mission in Afghanistan, established by the United Nations Security Council. Petitioner arrived in Afghanistan on July 3, 2014, and reported to work.

On August 11, 2014, petitioner sent an email to six individuals, including Air Force Colonel Andrew Gale, asking for information related to a contract with DRS Technologies, a contractor, and how a contracting officer's representative (COR) "c[ould] unilaterally award (incentive) fixed fees without a technical assessment." S.A. 42. Later that same day, petitioner sent a follow-up email alleging that he collected "some evidence of fraud." S.A. 42. On August 12, 2014, one of the recipients of petitioner's emails responded requesting documentation to support petitioner's allegations of fraud. S.A. 44. It appears that petitioner did not respond to the email or provide evidence of the alleged fraud.

On August 23, 2014, Dr. Catherine Warner, who petitioner alleges is an employee of the Department of Defense, recommended that petitioner be redeployed to the United States because petitioner "demonstrated an inability to adjust to the changing environment of the NATO ISAF to RSM transition, has caused Senior Leaders to question his ability to perform Ministerial Advising and guardian angel duties, and has been a negative influence to other team

members." S.A. 8–9. On August 28, 2014, Petitioner was ordered to redeploy to the United States. That same day, petitioner wrote an email to an Army official claiming he was targeted by Dr. Warner for, among other things, "illuminating the discrepancies and irregularities with [the] C4ISR contract with DRS (prime) and relaying to them accounts of fraudulent reporting and improper contract claims." S.A. 55.

## II

On February 10, 2015, Petitioner filed a complaint with the Office of Special Counsel (OSC) listing the Department of Defense (DOD) as the responding agency. S.A. 110–14. Petitioner's complaint alleged "Fraudulent Hire of Catherine Warner" using "Direct-Hire Authority." S.A. 113–114. Petitioner later clarified that he alleged Dr. Warner was also improperly promoted and unlawfully kept in her position past the set term limit. On August 26, 2015, OCS notified petitioner that it was closing its inquiry into the February 10th complaint. OSC found petitioner's allegation that the DOD unlawfully appointed Dr. Warner to Senior Executive Status to "have no basis for further inquiry." S.A. 103–104. OSC also determined it could not address the improper promotion and unlawful employment past the term limit allegations because "the information [petitioner] initially provided only clearly presented an allegation involving [Dr.] Warner's DHA appointment." S.A. 104.

Petitioner filed a second complaint with OSC on or around March 31, 2016, again listing the "unlawful hiring and placement actions" from his previous complaint to OSC. S.A. 97–98, 100. In addition, petitioner alleged retaliation by Dr. Warner for petitioner's Whistleblower Protection Act disclosures.

On August 16, 2016, OSC advised petitioner of its preliminary decision to close its investigation. OSC found that petitioner's      allegations      regarding      Dr.      Warner's

employment were addressed in petitioner's earlier complaint. OSC concluded that petitioner did not provide any new evidence and information, and the original allegations were too vague and speculative to justify conducting an investigation. OSC determined petitioner's Whistleblower Protection Act (WPA) allegations did not constitute WPA violations because the alleged disclosures were not protected disclosures.

On October 6, 2016, petitioner filed an Individual Right of Action (IRA) appeal with the MSPB. Petitioner alleged that he disclosed "contract fraud etc made on 14 August 2014 to PM/KO, leaders, IG – two weeks later Dr. Warner issued a memo of negative suitability determination and recommendation for immediate redeployment[;] Curtailment of ISAF assignment; & const [sic] suspension." S.A. 26.

In response to the Board's Order on Jurisdiction and Proof Requirements, petitioner submitted a "Statement of Facts," alleging that "[o]n or about 12 August 2014, [petitioner] discovered contract anomalies including fraud, waste, and abuse with the prime DoD contract for ICT products and services [provided] to GiROA MOI ICT." S.A. 116. Petitioner further alleged he made these disclosures to various officials and that he was reassigned by Dr. Warner in retaliation. *Id.* Petitioner's appeal to the Board listed the DOD as the responding agency. S.A. 25. The Board designated the Army as the proper agency since petitioner was an Army employee.

Ultimately, the Board determined that it lacked jurisdiction over petitioner's WPA claims because petitioner failed to exhaust such claims with the OSC. Petitioner petitions for review.

We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A).

DISCUSSION

I

"We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." *Campion v. M.S.P.B.*, 326 F.3d 1210, 1212 (Fed. Cir. 2003) (first citing 5 U.S.C. § 7703(c); and then citing *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir. 1998)). "Whether the Board has jurisdiction to adjudicate an appeal is a question of law that we review de novo," *Campion*, 326 F.3d at 1212, but we review the Board's underlying factual findings for substantial evidence. *Bolton v. M.S.P.B.*, 154 F.3d 1313, 1316 (Fed. Cir. 1998). The petitioner has the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *See Campion*, 326 F.3d at 1212–13.

> [I]n order to establish the Board's jurisdiction over [an] IRA appeal, [the petitioner] had to show by preponderant evidence that (1) he engaged in whistleblowing activity by making a disclosure protected by 5 U.S.C. § 2302(b)(8); (2) the agency took or threatened to take a "personnel action" against him as defined in 5 U.S.C. § 2302(a)(2)(A); (3) he sought corrective action from OSC; and (4) he exhausted corrective action proceedings before OSC.

*Serrao v. M.S.P.B.*, 95 F.3d 1569, 1574 (Fed. Cir. 1996). "For the exhaustion remedy to serve its intended purpose, . . . the employee must inform the Special Counsel of the precise ground of his charge of whistleblowing." *Ward v. M.S.P.B.*, 981 F.2d 521, 526 (Fed. Cir. 1992); *see also Ellison v. M.S.P.B.*, 7 F.3d 1031, 1037 (Fed. Cir. 1993) (noting "the need for an employee to articulate with reasonable clarity and precision the basis for his request for corrective action under the WPA").

We agree with the Board that petitioner failed to present his whistleblower claims based on his disclosures of contract fraud to the OSC. His first complaint to OSC did not allege contract fraud—it only alleged that Dr. Warner was improperly hired, exceeded the term limit of her position, and was improperly promoted. While petitioner's second complaint to OSC made vague mentions of contract irregularities, it did not mention contract fraud.

The Board did not err in deciding that petitioner failed to inform OSC with the required particularity and clarity of the basis for his request for corrective action based on fraud under the WPA and that the Board lacked jurisdiction.[1]

II

Petitioner also argues that the Board erred in substituting the Department of the Army as the responding agency and that correcting this error would somehow cure the jurisdictional defect. Petitioner contends that the DOD is the proper agency because Dr. Warner, who petitioner contends retaliated against him, was an employee of the DOD.

The Board determined the Department of the Army was the proper agency because it was petitioner's employer. Petitioner does not now contest the Board's determination that he was an employee of the Department of the Army and that the Army would be responsible for

---

[1]    We note that in a related case petitioner alleged that he made protected disclosures of "fraud, waste, and abuse of funds." *Chin-Young v. Dep't of the Army*, No. 2023-1510, 2023 WL 6135788, at *4 (Fed. Cir. Sept. 20, 2023). In that case, we held that "the Board did not err by concluding there was no whistleblower retaliation" based on these disclosures. *Id.* at *3.

corrective action. The Board correctly determined that the Army was the proper responding agency.

### **AFFIRMED**

#### COSTS

No Costs.